IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENNETH ODOM,**

    **Plaintiff,**

v.                                            Case No.   3:09cv570/MCR/CJK

**FLORIDA DEPARTMENT
OF CORRECTIONS, et al.**

    **Defendants.**
_____/

ORDER

Pending before the court is the Report and Recommendation of the Magistrate Judge filed on October 17, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner was given an opportunity to file objections.[1] Now, having fully reviewed the Report and Recommendation, the record, and the late-filed objections, the Recommendation is adopted in part and rejected in part.

As to the ADA claim in Count I, the court concludes that it states a plausible claim against the Department of Corrections at this stage of the proceedings.[2] The plaintiff alleges, in relevant part, that he is disabled because he is partially paralyzed and that a podiatrist prescribed for him a particular therapeutic boot on June 15, 2007, which he never received; the doctor also advised him that exercise was necessary to avoid muscle atrophy. The plaintiff further alleges that because he did not receive the prescribed boot, he was not able to participate in the prison's program of outdoor exercise for inmates held in close management confinement and as a result, he suffered increased foot drop, muscle atrophy, and muscular weakness. Although the medical records attached to the complaint

---

[1] Despite receiving several extensions of time in which to file objections, totaling an extra 60 days, the petitioner's objection was filed late but before the court ruled.

[2] A Title II claim can only be brought against a public entity, so Count I is properly dismissed to the extent it attempted to state a claim against individual officers.

indicate that a nurse authorized a different type of boot on August 7, 2007, there is no explanation thus far in the record to explain the defendant's decision to deprive the plaintiff of the physician-prescribed boot. In the absence of any explanation and in light of the plaintiff's allegation that he was not able to participate in the outdoor exercise program for close management inmates, the complaint, liberally construed, states a claim against the defendant for the failure to reasonably accommodate the plaintiff's disability.

The court also concludes that Count III of the third amended complaint states a retaliation claim at this early stage of the proceedings. The court disagrees with the magistrate judge's conclusion that the causation element fails. First, the magistrate judge did not consider or even reference the close temporal proximity between the plaintiff's grievances and his removal from a handicap cell.[3] The plaintiff had been placed in a handicap cell because due to his disability. On October 7, 2007, October 19, 2007, and October 23, 2007, the plaintiff filed grievances with the warden related to the failure to reasonably accommodate his disability with the physician-prescribed boot. On October 25, 2007, two days after the October 23, 2007 complaint, Lieutenant Swartz abruptly moved the plaintiff from his handicap cell, threatened him, and instructed another officer to destroy personal property of sentimental value to the plaintiff. The plaintiff alleges that this was done because of his grievances. Second, the record at this stage does not reflect a legitimate reason for why the plaintiff was removed from the handicap cell, which had previously been deemed necessary because of his disability, nor does the record yet indicate who authorized the removal. The record plainly shows that the Department of Corrections was aware of the plaintiff's grievances at the time. Applying the liberal pleading standard to the facts alleged, the court concludes that this claim should not be dismissed at this early stage of the proceedings.

---

[3] The Eleventh Circuit has recognized that a retaliation claim against a public entity or its employees may be brought in relation to Title II of the ADA in the same manner as a retaliation claim against an employer in Title I. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1181 n.31 (11th Cir. 2003). The causation element may be satisfied if there is knowledge of the protected expression and "a close temporal proximity between the awareness and the adverse action." *Id.* at n. 30 (internal marks omitted).

Case No: 3:11cv178/MCR/CJK

In all other respects, the court adopts the Recommendation.

Accordingly, it is ORDERED as follows:

1. The magistrate judge's Recommendation is adopted in part and reversed in part, as follows:

    a. The Recommendation is reversed as to Count I insofar as the plaintiff states a claim of disability discrimination in violation of the Americans with Disabilities Act ("ADA") against the Department of Corrections for the denial of participation in the outdoor exercise program for inmates held in close management confinement and raises questions regarding the reasonableness of the accommodation provided.

    b. The Recommendation is reversed as to the retaliation claim set forth in Count III.

    c. In all other respects, the Recommendation is adopted and incorporated herein by reference.

2. Thus, Count II and any claims against individual officers in Count I are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for the plaintiff's failure to state a claim upon which relief may be granted.

3. The case is referred to the magistrate judge for further proceedings.

DONE AND ORDERED this 7th day of July, 2012.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**