**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
<u>PENSACOLA</u>      **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

$Kenneth\ Odom$

Inmate # _892850_.
(Enter full name of Plaintiff)

FIFTH AMENDED COMPLAINT

vs.
*FLORIDA DEPARTMENT
OF CORRECTIONS, ET AL, SUED
IN THEIR PRINCIPLE AGENT CAPACITY/
AGENT PRINCIPLE CAPACITY*

CASE NO: 3:09cv570-MCR/CJK
(To be assigned by Clerk)

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.    PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:    *KENNETH Odom*

Inmate Number    *892850*

Prison or Jail:    *Everglades Corr. Inst.*

Mailing address:    *1599 S.W. 187th AVE*
*Miami, Florida*
*33194*

## II.    DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)    Defendant's name:    *KENNETH Tucker*

Official position:    *Secretary*

Employed at:    *Florida Department of Correction*

Mailing address:    *601 S. Calhoun Street*
*Tallahassee, Fl. 32399-1500*

(2)    Defendant's name:    *Martee F. Taylor*

Official position:    *Statewide (ADA) Coordinator*

Employed at:    *Florida Department of Corrections*

Mailing address:    *501 S. Calhoun Street*
*Tallahassee Fl. 32399-2500*

(3)    Defendant's name:    *Pilar Tourney*

Official position:    *Statewide Impaired Coordinator*

Employed at:    *Fla. Dept. of Corr.*

Mailing address:    *501 S. Calhoun St.*
*Tallahassee Fl. 32399-2500*

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

*1*

J. T. Taylor
Senior Health Service Administrator
Santa Rosa Correctional Institution
5850 East Milton Road
Milton Florida 32583

W. D. Rummel
Medical Doctor
Santa Rosa Correctional Institution
5850 East Milton Road
Milton Florida 32583

M. Nicholas
Advance Registered Nurse Practitioner
Santa Rosa Correctional Institution
5850 East Milton Road
Milton Florida 32583

Officer Ellis
Correctional Officer
Santa Rosa Correctional Institution
5850 East Milton Road
Milton Florida 32583

Captain Swartz
Officer In Charge
Santa Rosa Corr. Inst.
5850 East Milton Road
Milton Florida 32583

(2)

Principle Agents - Agent Principles

(1) KENNETH TUCKER, Priciple agent / Agent Principle IS SECRETARY
of THE Florida DEPARTMENT of CORRECTIONS Responsible for the
OVERALL Operation and Care of All INMATES IN Florida see F.A.C.
33-208.001...003; F.S.876.05. Sued IN Their Principle Agent
capacity and AGENT Principle capacity For Injunctive and
Declatory Relief, ATTORNEY FEES AND COST

(2) MARTEE F. Taylor, Principle Agent / Agent Principle IS statewide
(ADA) Coordinator Responsible for implimenting Title 1 and II (ADA)
Policy and Procedures throughout the (D.O.C) for the welfare
of Impaired Inmates, see F.A.C. 33-208.001...003; F.S.876.05 sued in
their Principle Agent capacity and Agent Principle capacity

3. Pilar Tourney, Principle Agent / Agent Principle Is statewide Impaired
Coordinator. She is Legally responsible for ensuring Impaired Inmates
Are furnished the Assistance they require in order to Live A
minimal decent Life in prison and Ensure Authorities Take
Prisoners as find them and provide facilities compatible with
their Physical condition. See F.A.C. 33-208.001...003; F.S.876.05
Sued in Their Principle Agent capacity and Agent Principle capacity

4. MARTEE F. Taylor AND Pilar Tourney Sued in Their Principle
Agent capacity / Agent Principle capacity for Injunctive and
Declatory Relief, ATTORNEY FEES AND COST.

(3)

5. J.T. Taylor, Principle Agent / Agent Principle was Senior Health Service Administrator Is legally responsible for Administrative Care of All Inmates at Santa Rosa Correctional Institution, see F.A.C. 33-208.001 ...003; F.S. 876.05, sued in their Agent Principle capacity

6. W.D. Rummel, Principle Agent / Agent Principle Is Medical Doctor at Santa Rosa Corr. Inst. Legally Responsible for the care of All Inmates at Santa Rosa Corr. Inst. see F.A.C. 33-208.001... 003; F.S. 876.05 sue in their Agent Principle capacity.

   Officer Ellis, Principle Agent/ Agent Principle Is A Correctional Officer at Santa Rosa Corr. Inst. Legally Responsible for the Care, custody and control of All Inmates at Santa Rosa Corr. Inst. see F.A.C. 33-208.001...003; F.S.876.05 sued in their Agent Principle Capacity

7. Captain Swartz Principle Agent / Agent Principle was A Lieutenant at Santa Rosa Corr. Inst. Legally Responsible for overall operation And Care, Custody And Control of All Inmates. see F.A.C. 33-208.001 ... 003; F.S. 876.05 used in their Agent Principle capacity

8. At All times mentioned, Defendant and each of them was the Principle Agent / Agent Principle, servant, and Employee of each Remaining Defendant and was at All times herein mentioned Acting within the course, scope, And Authority with consent And permission of said agency, service and Employment

(4)

JURISDICTION AND VENUE

9. This is a civil Rights Action Authorized by 42 U.S.C. § 1983 To Redress The deprivation under Color of State Law or Rights Secured under The Constitution of This United States under First, Eighth, and Fourteenth Amendment To be free from Retaliatory Action Cruel and unusual Punishment and Violation of The Americans with Disability Act TITLE II Discrimination, 42 U.S.C. 12132 which has adversely affected Plaintiffs Constitutional Rights. This Court has Jurisdiction under 28 U.S.C. SECTION 1331 AND 1343(3)

10. This Court has Jurisdiction over Claims seeking Declatory AND Injunctive Relief Pursuant To 28 U.S.C. § 2201 AND 2202 AND Rule 57 of Fed. R. Civ. P.

11. Plaintiff Claim for Attorney Fee AND Costs is Predicated upon 42 U.S.C. § 1988 which Authorizes the award of Attorney fees AND Cost To prevailing Plaintiff in Action brought pursuant To 42 U.S.C. 1983

12. The Northern District Venue properly lies in this district pursuant To 28 U.S.C. § 1391 (b)(2) because the Events giving Rise To This Cause of Action occured at Santa Rosa Corr. Inst.

PLAINTIFF

13. Plaintiff Kenneth Odom Is AND Was At All Times Relevent herein A prisoner of the State of Florida IN Custody of Florida Department of Corrections. Plaintiff Is Currently confined at Everglades Correctional Institution.

(6)

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.    PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

*14.*

A.    Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                           No( / )

1.    Parties to previous action:
(a)    Plaintiff(s): _____

(b)    Defendant(s): _____

2.    Name of judge: _____        Case #: _____

3.    County and judicial circuit: _____

4.    Approximate filing date: _____

5.    If not still pending, date of dismissal: _____

6.    Reason for dismissal: _____

7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

*15.*

B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                           No( )

1.    Parties to previous action:
a.    Plaintiff(s): _____

b.    Defendant(s): _____

2.    District and judicial division: _____

3.    Name of judge: _____        Case #: _____

4.    Approximate filing date: _____

5.    If not still pending, date of dismissal: _____

6.    Reason for dismissal: _____

(6)

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                          No( ✗ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): _____
     b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____     Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                          No( ✓ )

1.   Parties to previous action:
     a.   Plaintiff(s): _____
     b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____     Case Docket # _____

4.   Approximate filing date: _____     Dismissal date: _____

5.   Reason for dismissal: _____

(7)

6.  Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

17.  At all times mentioned herein the wrongful confiscation of medical necessary therapeutic magnam boots and prescribe walking cane violated the (ADA)

18.  Plaintiff who is a qualified individual who suffered a compressed fracture of cervical vertabra 4, 5, 6, right hemiplegic with chronic foot drop and very pronounced limp.

19.  Plaintiff was excluded from the participation in or denied the benefits of the (F.D.O.W) services, programs, or activities or was discriminated against during period of close management confinement where prescribe therapeutic magnum boots and prescribe walking cane was necessary to participate in services, programs or activities

20.  That such exclusion, denial of benefits or discrimination was by reason of Plaintiff disability where (ADA) coordinator Principle Agent/Agent Principle and Impaired coordinator Tourney Principle Agent/Agent Principle Agent Allowed central office Security to create a custom or policy that had a substantial effect on Plaintiff causing muscle atrophy, increased foot drop, etc.

21.  Plaintiff was denied a constitutional right to exit of door exercise while in a close management confinement the entire period and services, programs and activities.

22. At said Time And Place Defendant and Each of Them violated Plaintiff Constitutional rights As Principle Agent/Agent Principles.

23. Plaintiff was Received at Santa Rosa Corr. Inst. Close Management on July 27, 2007 during Intake property inventory Correctional John Doe Officer wrongfully confiscated Plaintiff medical necessary Therapeutic Magnum boots. And prescribe walking CANE.

24. Plaintiff did present prescribe valid cane pass and Special Shoe acknowledgement Receipt for prescribe medical Necessary Therapeutic Magnum boots and prescribe walking Cane

25. Correctional Officer with disregard to plaintiff Care Told Plaintiff, you will not see boots again and you will not NEED A CANE, because you will be in a cell.

26. On Information And Belief upon showing valid medical passes to officers/agents They are prohibited from depriving Inmates of prescribe medical Necessary health Care Aids.

27. On July 27, 2012, Plaintiff told Jo-John Doe of obvious Chronic limp hard foot drop was in fear of falling, Jo Doe replied, Someone will catch you."

28. ON July 27, 2007 upon hearing in 6-dormitory (cm) Unit Plaintiff was placed in a regular cell 6-31032 That did not meet medical needs.

29. Plaintiff did have upon arrival a Approved DC2-530 (ADA) Reasonable modification or Accommodation for A handicap cell with Raised Toilet with Rails and prescribe walking Cane.

30. On July 29, 2007 Plaintiff submitted A Inmate Request to Health Service Administrator which was intentionally Responded to by Agent M. Nicholas (here-in-after) Stating, I have reviewed your chart and you stated those boots

(9)

31. did not work with your brace and another pair was requested for you. These boots will be taken by medical not mailed home.

32. On Information and Belief anytime a medical necessary health care Aid is confiscated a impound property slip shall be issued and (ADA) Coordinator Martie F. Taylor will be notified within 24 hrs.

33. However, John Doe % did place "m" on property slip that symbolize "To be mailed" as to prevent giving Plaintiff Impound slip and to continue deprive necessary care Aids and never obtaining a forwarding address from Plaintiff.

34. Plaintiff on August 1, 2007 did send another Inmate Request clarifying the particulars that the therapeutic Magnum boots were replacement compensation for wrongful destruction of Northlake boots.

35. On August 7, 2007 Agent Nicholas did visit G-dormitory (CM) unit, had Plaintiff escorted to sick-call room, where Agent Nicholas did inform Plaintiff he was not getting those boots back or walking cane and could get boots from Laundry.

36. Agent Nicholas suggestion of getting boots from Laundry was unreasonable where Plaintiff needs was prescribed by a Poditrist in "95" and medial necessary to participate in close Management services, out of door Exercise, programs and activities.

(10)

37. The Chronological Record Care For August 7, 2007 That agent Nicholas did recognize Plaintiff disability and need for Aids and disregarded the Plaintiff need that lead to continued deprivation of out of door exercise, Activities, services and programs that did cause muscle atrophy, muscle weakness, increased foot drop and pain.

38. Close Management confinement Inmates rely upon officials to provide Adequate care to participate in out of door excercise services, and programs and to provide the medical Aids necessary to participate.

39. The Chronological Record reflect the purpose of medical call-out was For "Renewal of Passes" Not evaluation for boots As Alleged in denial of DC2-530, the record make reference that Plaintiff wants Magnum boots back.

40. Agent Principle Nicholas did Indentify Plaintiff As A right sided hemi-paralsis and wearing flip flaps dragging his ℗ foot, clearly demonstrating need for prescribe walking cane to maintain balance and prescribe medical necessary Therapeutic Magnum boots.

41. On August 10, 2007, Santa Rosa CI RN specialist Keith Gardner conducted an Impaired Inmate evaluation, Mr. Gardner noted that Plaintiff boots were taken from him and need for a handicap cell with raised toilet due to difficulty in Transferring to toilet.

41. Impaired Coordinator did Inform housing Sergent Plaintiff need for Raised Toilet which will make it EASIER for Plaintiff To get up and down. and He Furthered encouraged Plaintiff To Take every opportunity To use Recreation to maintain muscle Tone.

42. During Month of August 2007 Plaintiff was denied the benefit of out of door Exercise, service, programs and activities. From constant denial of Prescribe Therapeutic Boots and Prescribe walking Cane.

43. On September 10, 2007, September 23, 2007 and October 7, 2007 Plaintiff submitted sick-call Request seeking Return of Prescribe magnum boots and walking cane and justification for their confiscation.

44. During 9/10/07 visit Plaintiff did inform Nurse he was suffering increased muscular weakness and increased foot drop due to being deprived out of door Exercise. The Nurse responded, Agent Nicholas will have to give them back.

45. Plaintiff informed the Nurse of the 4/19/06 formal grievance #0604-110-143 at Washington C.I. for Exact same boot or Equalivent. Sick-call Nurse there was nothing she could do.

46. On September 23, 2007 Plaintiff submitted a Reasonable Accommodation Request Form (DC2-530) to the Santa Rosa CI Intake officer (Ms. Haas), Requesting the Return of Prescribe magnum boots and walking cane while housed in a close management Confinement as To participate in out of cell Exercise

47. Assistant Warden Ms. Haas (herein-after) forwarded for response DC2-530 (ADA) Request to Senior Health Service Administrator Ms. J.J. Taylor agent Principle for findings. Plaintiff was not interviewed.

48. On October 8, 2007 Assistant warden of Program Ms. Haas conducted Interview on DC2-530 (ADA) Request with S.th. S.A. J.J. Taylor Agent Principle (herein-after) discussion and findings, "Inmate Odom does have a history of foot drop where a special brace or boot are indicated per Health Record Review.

49. On October 8, 2007 Assistant warden Ms. Haas denied Plaintiff DC2-530 (ADA) Request based on Fraudulent Information provided by Senior Health Service Administrator J.J. Taylor Agent Principle as follow. "Inmate Kenneth Odom #893850 was evaluated for boots by the A.R.N.P. on 08/07/07, He was also evaluated by C.H.O. on 8/10/07 The Clinicians decision was that he has an AFO Leg brace should be worn with a regular boots wide enough to support the Brace Therefore a special boot is not needed at this time!"

50. Upon Information and belief when any medical Treatment is done A record is documented. On 8/10/07 chronology does not show A documentation of evaluation by C.H.O. as alleged, the record Reflect Impaired Inmate Eval, Skin infection/Rash Assessment 9/11/07. There was never an Eval by C.H.O. as Alleged in DC2-530 (ADA) Request Response for the Return of Therapeutic Aids.

51. Plaintiff DC2-530 (ADA) Reasonable Modification Accommodation Request was forward to Statewide (ADA) Coordinator Marie F. Taylor Principle agent/agent Principle for final disposition In Central office.

(13)

52. Senior Health service Administrator I.J. Taylor Agent Principle did knowingly and intentionally submit a fraudulent response of a health care matter that an activity has taken place as true that C.H.O. Evaluated plaintiff 8/10/07 as to refuse the return of prescribe medical necessary therapeutic boots and prescribe walking cane.

53. Plaintiff on October 19, 2007 filed a formal grievance Log #0710-119-332 to Institutional Warden on fraud and falsifying DC2-530 (ADA) Request by C.H.O., S.H.S.A. I.J. Taylor and A.R.N.P. M. Nicholas as to permenantly deprive of therapeutic Magnum boots and usage of prescribe walking cane while housed in a close Management.

On information and belief when a prisoner file a grievance the grievance staff calls to the attention those individuals responsible for the matter the grievance concerns.

54. On October 23, 2007 statewide (ADA) Coordinator Martee f. Taylor principle agent/agent principle response to denial of DC2-530 (ADA) Request say," I concur with your decision to deny this Inmate Request and may notify him of my decesion by a copy of this memo," A computerized signature

55. On November 8, 2007, statewide (ADA) Coordinator Martee f. Taylor principle agent/agent principle mailed Plaintiff a letter with a "INK signature" in reference to Plaintiff boots but also state," I HAVE BEEN ATTEMPTING TO RESPOND TO YOUR DC2-530 As if the 10/23/07 computerized signature Response Is NOT hers denying plaintiff.

(14)

56. Plaintiff on 10/20/07 did file Inmate Request To Assistant Warden of Program Ms. Haas of the Chronological history of the ongoing problem of Prescribe Therapeutic Boots and prescribe walking cane being taken then using medical To blanket Taking.

57. On 10/31/07 Administrative Assistant Responded To Inmate Request stating In relevant part..." You do not need a cane while housed in (ccm) You. Also was notified to contact Laundry about your boots on 9/11/07 by Nurse McArthur."

58. On 10/31/07 Plaintiff filed A Supplemental (ADA) Informal Grievance Log # 0711-119-005 For Fixed Wing footage In G-3 dormitory As visual documentary Evidence showing no useage of walking cane, no Therapeutic Footwear, no out of door Exercise during period of (Ccm).

59. Doctor Rummel Agent Principle At All times herein had knowledge At All Times Of Plaintiff medical problems Through Grievance process

60. On 10/23/07 Dr. Rummel Agent Principle denied formal Grievance log # 0710-119-127 To Return Medical Necessary prescribe Magnum boots And Prescribe walking cane while in A (ccm) unit Under (ADA) Title II Discrimination.

61. The 10/23/07 Response by Dr. Rummel was to permenantly deprive Plaintiff of prescribe magnum boots saying, " You were not happy with fit of magnum boot... You were not required To wear magnum boot... The A.R.N.P. M. Nicholas she determined In Order for your brace To fit You need A boot To support AFO brace. She Ordered A 10 1/2 EE boot To be obtained from laundry.

(15)

62. On November 22, 2007 Medical had Plaintiff report to sick-call room issued Dr. Comfort 303-08 10% 4E for significant deformity Boots of Lower quality and contrary to prescribe Boot.

63. On January 13, 2008 prior to Release from Close Management Plaintiff submitted a Inmate Request To Impaired Coordinator for walking cane That was responed to by A.R.-N.P. Nichols Agent Principle saying, "No, when you get to your New Camp The decesion will be made Regarding A cane, I see No Reason for you To Leave.

64. On January 28, 2008 Plaintiff was released off close Management, sent To Majo C.I., under Intentional falsifying medical document Transfer referral That left Plaintiff not Impaired for hardship and disregard to effects.

65. On information Plaintiff during period of (CM) was discriminated against by reason of desability Through deprivation of walking cane and prescribe Therapeutic boots That Resulted In Intentional Exclusion In Plaintiff Ability To participate in out of door Exercise, Job Assignment, out of cell programs and services Resulting in Muscle Atraphy, Muscle weakness and pain.

66. Upon Information and belief Plaintiff has A Constitutional right To out of door Exercise while In a confinement and prison officials must meet Needs Necessary To Accommodate Inmate.

## Retaliation for Filing Grievances

67. (1) Due To filing of Grievances Plaintiff was victimized To vindictive And malicious reprisal by prison officials on the Afternoon of 10/14/07 Agent Nicholas boyfriend who is a correctional officer came To Plaintiff cell 6 3-1215 After serving Inmate

CANTEEN STARING AT Plaintiff IN A INTimidating manner for several minutes

68. LIEUTENANT Swartz did on 10/25/07 with disregard Plaintiff disability who was placed IN handicap cell 63-1025 with raised Toilet for medical reasons was Told To he was being moved, pack property

69. Upon Plaintiff complying To Agent Principle Swartz came out of medical NECESSARY prescribe cell To be moved To a REGULAR cell 63-112.

70. Upon information and belief when medical prescribe a handicap cell for medical reasons Officials are prohibited from moving Plaintiff

71. Sergent Jones informed Plaintiff, "I'm not getting no one To help you, As Plaintiff was struggling with property, Sergent did yell on wing, Telling all other Inmates To come To door, "Watch the cripple."

72. Upon entering innadequate cell 63-112L Agent Principle Swartz did threaten Plaintiff saying, "you know what time it is, I'm going to burn your ass up, Tomorrow strip you and Leat you and give you a disciplinary Report.

73. Plaintiff who was in fear of his life kept silent then Agent principle Swartz Told agent Principle Ellis To Take property see what you can find that mean something to plaintiff.

74. Officer Ellis agent Principle did on 10/25/07 vindictively carried out LIEUTENANT Swartz Agent principle command Tack 44 personel pictures of sentimental value of family And kids stating, "They will be destroyed.

75. Plaintiff had a constitutional right to file grievances and be free from retaliation upon information and belief.

76. Lieutenant Swaste agent/principle intentional moving Plaintiff out of handicap cell caused hardship and pain and was deliberate Indifferent to the 2nd subjecting Plaintiff to interfered with ongoing medical Treatment.

77. On 11/9/2007 letter from Inspector general not addressing threat by Lt. Swaste, the interview with Captain Hammontree was in relation to threats by Lt. Swaste which was true due to filing grievances about return of prescribe boots and cane.

78. On November 15, 2007 Plaintiff sent a Letter/complaint to statewide Impaired Coordinator Pilar Tourney principle agent/agent principle about the retaliation taking Plaintiff out of handicap cell to suffer pain and discomfort in extreme cold cell with no heat and low Toilet with no Rails that caused pain. No Action to remedy reprisal was taken that lead to fading pain medication for hip shortly after release from (crc).

79. On November 28, 2007 Principle Agent/Agent Principle Tourney denied (ADA) grievances Log #07-6-28323 to 0710-119-127

80. On December 31, 2007 Impaired Coordinator Tourney principle agent/agent Principle denied (ADA) grievances Log #07-6-29617 in reference to Grievance Log #07-119-332.

81. (ADA) statewide Coordinator Martie F. Taylor did at all times as principle agent/agent principle had knowledge through the Grievance process and fail to remedy a wrong. of retailtory Treatment.

(18)

STATEMENT OF CLAIMS

Count ONE: Violation of American with Disability

ACT TITLE II Discrimination

Plaintiff realleges and incorporate by reference paragraph 1
through 81 as fully reinstated herein

82. The Principle Agent/Agent Principle permanent deprivation of
Plaintiff Oden prescribe Medical necessary therapeutic boots and
walking cane during a period of Close Management Segregation Intentional
exclusion in programs and services, out of door exercises, Job
assignment violated Plaintiff Oden Rights under Americans
with Disability Act Title II Discrimination constituted a
Due process violation under Fourteenth Amendment of the United
States Constitution.

83. As a result of the Americans with Disability Act
Title II Discrimination violation exercised by the Principle Agent/
Agent Principle Action and/or INACTION did cause injury and/or loss
of property where Plaintiff suffered denial of service, program activities,
and out of door exercise, permanent loss of therapeutic boots,
muscle weakness, increased foot drop, muscle atrophy, prescribe walking
cane, Job Assignment while housed IN a confinement,

Count Two: Retaliation for Filing Grievances

Plaintiff realleges and incorporate by reference his Allegation
in paragraph 1  through 83 as if fully reinstated

(17)

84. The intentional removal out of prescribe medical necessary handicap cell 63-121s to 63-112L cell with low toilet no rails, no heat, threatend, 4/f personel family pictures wrongfully destroyed demostrated intentional retaliation that violated Plaintiff rights and Constituted cruel and unusual punishment and rights to redress grievance under first and Eigth amendment of united States Constitution.

85. As a result of Principle Agent/Agent Principle in action Plaintiff suffered pain and discomfort from removal out of handicap cell with raised toilet with rail, to inadequate cell with low toilet no rail, no heat, and permenant loss of family pictures which can not be replaced.

86. The Plaintiff has no plain, adequate or complete Remedy of law to redress the wrongs described herein, Plaintiff has been and will continue to be irrepparibly injured by conduct of the Principle Agent/Agent Principle unless this Court grant the declatory and injunctive Relief Plaintiff seeks.

## Relief Requested

A. A declaration that the acts and omission described herein violated Plaintiff Odom Rights under the Constitution and laws of the United States

B. Issue a preliminary and permanant Injunction ordering Principle Agent/Agent Principle to:

(20)

1. Immediately arrange and carry-out without delay the return of Therapeutic Magnum boots style 7903 size 10½ EE

2. A mandatory rule prohibiting the confiscation of any Disabled person Health Care Aid Issued by medical upon New Arrival at any facility during Intake.

3. Mandatory procedure That all handicap New Arrival Inmates shall be seen by Receiving Institutional Impaired Coordinator within seven working days To Access handicap and/or Impaired needs.

4. Rule Restricting The housing of handicap Inmates on Close Management where security hinder and/or disallow Access To Essential Aids or continuous Exclude from any service, program or Activities

5. Close Management officers and Institution for Impaired Inmates shall have documented mandatory Training on the proper Restraints To be used conducive To disability on out of cell, call-outs, and Transport

6. Close Management out of door Recreation Area shall provide Exercise Strengthening Equipment for the handicap as to maintain muscle Tone due To inability To use dip and pull-up Bars.

7. Florida Department of Corrections is Legally Responsible for hiring Competent medical staff Receiving (cm) unit shall No longer allow medical personel To Take valid medical passes of handicap Inmate To suit Institutional and/or Close Management Requirement.

8. Florida Department of Corrections effective Immediately shall Impliment A No Tolerance Rule of Accountability To deter present and future Non-medical personel from Intentional depriving of medical Necessary Aides for the handicap Inmate Any Party and/or Parties working in concert to scheme, Take or deprive medical Issued Orthopedic prosthesis, Orthopedic brace, or shoes, crutches, canes, walkers, wheel chairs and any such device used and is medical Necessary And if it be documented medical personel Participated in carrying out scheme To deprive medical Necessary Aid shall be Terminated.

Award Compensatory And Punitive Damages.

A Jury Trial on All Issues Triable by Jury.

A Preliminary and Permanant Injunction on the Above.

Principle Agent And Agent Principles be required to pay Plaintiff filing fees, copying service fees and any other Relief this court deem just and proper and Equitable.

Respectfully Submitted

Kenneth Odom

Kenneth Odom #892850

Everglades Corr. Inst.

1599 S.W. 187th Ave

Miami Fl. 33194

Certificate of Service

I certify that a True And Correct copy of the foregoing copy has been furnished to by U.S. Mail: Attorney General PL01 The Capitol, Tallahassee Fl. 32399, General Counsel Fla. Dept. of Corr. 501 South Calhoun Street Tallahassee Fl. 32399-2500 on 21st day of November 2012.

Respectfully

Kenneth Odom

Kenneth Odom #89285

(22)

Kenneth Odom #892,858
Everglades Correctional Institution
1599 CW 187th Ave.
Miami, Flia, La 33194

Clerk, U.S. District Court
Northern District of Florida
1 North Palafox
Pensacola, Florida 32502

MAILED FROM
CORRECTIONAL
INSTITUTE

Hasler
11/27/2012
US POSTAGE
$01.70⁰
FIRST-CLASS MAIL
ZIP 33185
01ID11616515

**LEGAL MAIL**